# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOHN BAUCHE

                  Petitioner,

     v.

UNITED STATES DEPARTMENT OF
LABOR

                  Respondent.

Case No. 24-5793
Case No. 24-5794

**DOL Agency Case Nos.**

ARB-2023-0016
ARB-2023-0031

# PETITIONER'S STATUS REPORT

       This appeal arises from claims under the employee-protection provisions of the Corporate and Criminal Fraud Accountability Act of 2002 (the "*Sarbanes-Oxley Act*" or "*SOX*"), *18 U.S.C. § 1514A*, and the regulations promulgated at *29 C.F.R. Part 1980*, for actions originating from the U.S. Department of Labor ("DOL").

       Pursuant to this Court's Order dated January 10, 2025 (Docket Entry No. 16), which stayed these consolidated appellate proceedings pending resolution of *Masimo Corporation v. Bauche*, Cal. Ct. App. No. G0063141, and directed Petitioner to file status reports every ninety (90) days, Petitioner John Bauche, appearing pro se, respectfully submits this Fourth Status Report.

## I.   CALIFORNIA COURT OF APPEAL DECISION ISSUED

       On October 3, 2025, the California Court of Appeal issued its decision in *Masimo Corporation v. Bauche*, Case No. G0063141, affirming the judgment. However, the three pivotal issues that formed the basis for this Court's stay order remain unresolved on the merits. These unresolved issues are not merely related to Petitioner's *SOX* retaliation claims—they ARE the factual and legal foundations necessary to establish whether Petitioner suffered unlawful retaliation under *SOX*.

## II.   THREE UNRESOLVED ISSUES DIRECTLY ESTABLISH SOX RETALIATION

To prevail on a *SOX* retaliation claim, Petitioner must prove: (1) he engaged in protected activity, (2) his employer knew of the protected activity, (3) he suffered an unfavorable personnel action, and (4) the protected activity was a contributing factor in the unfavorable action. The three issues this Court identified in its stay order go directly to proving the adverse action and retaliatory intent.

### a)  The Standing Issue Proves the Lawsuit Was a Retaliatory Sham – UNRESOLVED

The California Court of Appeal explicitly declined to address the standing issue, stating: **"We conclude the standing issue is outside the scope of this appeal."** The court did not rule on whether Masimo lacked standing after assigning its rights to Federal Insurance Company before filing suit against Petitioner.

If Masimo had no legal standing to sue, the lawsuit filed against Petitioner was not a legitimate legal action—it was a retaliatory sham designed solely to silence whistleblowing. **The evidence is compelling:** Masimo accepted a $1 million insurance payout under the "employee theft" clause of its insurance policy and executed assignments transferring all claims to Federal Insurance Company, yet filed a lawsuit against Petitioner for the very same claims assigned away and included a Breach of Contract ("BOC") claim. This BOC claim sought to enforce an employment confidentiality agreement to prevent Petitioner from disclosing "insurance fraud"— which constitutes mail fraud actionable under *SOX*. The BOC claim itself was a violation of *SEC Rule 21F-17(a)*, which prohibits enforcing confidentiality agreements to impede employee fraud reporting to the SEC. Masimo used this *SEC Rule 21F-17(a)* violation to feign standing for a lawsuit it had no legal right to bring.

The timing reveals the retaliatory purpose. After unlawfully obtaining Petitioner's federally protected Pretrial Diversion Agreement and injecting it into the state proceedings, Masimo secured issue and evidence sanctions on March 23, 2023. Using these sanctions based on illegally obtained evidence, Masimo obtained summary adjudication on the assigned claims on June 15, 2023. Within weeks, on July 5, 2023, Masimo voluntarily dismissed the BOC claim—the very claim it used to feign standing. This sequence proves the BOC claim served solely to maintain standing for assigned claims through an *SEC Rule 21F-17(a)* violation. Once Masimo obtained judgment using illegal PDA evidence, it immediately discarded the BOC claim. A lawsuit filed without standing, maintained through a confidentiality agreement enforcement claim that violated federal whistleblower law, and secured through illegally obtained evidence constitutes an adverse action under *SOX*.

### b)  The Pretrial Diversion Agreement Issue Proves Multi-Forum Retaliation Campaign – UNRESOLVED

The California Court of Appeal held that arguments regarding the unlawful obtainment and use of Petitioner's confidential federal Pretrial Diversion Agreement were "forfeited"

because they were raised for the first time on appeal. The court did not rule on whether compelling production and using this federally protected document violated *18 U.S.C. § 3153(c)* and *California Labor Code § 432.7*.

The unlawful obtainment and systematic deployment of Petitioner's federally protected Pretrial Diversion Agreement across multiple governmental forums is direct evidence of a coordinated retaliation campaign. Masimo weaponized this illegally obtained document in state court, federal whistleblower proceedings, EEOC complaints, and other government complaints—targeting every forum where Petitioner sought protection from retaliation and wherever Petitioner reported misconduct to government authorities.

In state court, Masimo used the illegally obtained PDA to secure over $140,000 in punitive issue and evidence sanctions on March 23, 2023, deeming admissions from the confidential agreement as established facts. Masimo then used these court-established "facts" derived from this illegal evidence to obtain summary adjudication on June 15, 2023, resulting in the now-challenged judgment. This is the adverse action—a judgment obtained through illegally obtained, federally protected documents in violation of *18 U.S.C. § 3153(c)* and the *Federal Privacy Act (5 U.S.C. § 552a(i)).*

In federal whistleblower proceedings, Masimo submitted the same illegally obtained PDA to discredit Petitioner in the very proceedings designed to protect him from retaliation. Both the Administrative Law Judge ("ALJ") and Administrative Review Board ("ARB") explicitly relied on the PDA to support dismissal of Petitioner's *SOX* retaliation claims, with the ARB stating the PDA **"further supports"** Masimo's defense and **"further erodes"** Petitioner's causation argument. These are the dismissals now on appeal before this Court.

In other governmental forums, Masimo deployed the PDA to defeat Petitioner's EEOC complaint and other governmental complaints, and to discredit Petitioner wherever he reported misconduct to government authorities regarding their efforts to cover-up their misconduct and fraud. This demonstrates a systematic strategy of using illegally obtained documents to block all avenues of whistleblower protection and to suppress all misconduct reporting.

This multi-forum retaliation campaign infected the state court judgment (an adverse action), the federal administrative proceedings now on appeal (where Petitioner sought *SOX* protection), and every other forum where Petitioner sought protection or reported misconduct. The systematic deployment of illegally obtained federally protected documents across every protective and investigative forum demonstrates both the adverse action and retaliatory intent. **The resolution of whether this conduct is lawful has profound implications for *SOX* enforcement:** if employers can circumvent *18 U.S.C. § 3153(c)* and the *Federal Privacy Act (5 U.S.C. § 552a(i))* by unlawfully colluding on and obtaining federally protected pretrial diversion agreements and then deploy those documents strategically across state courts, federal administrative forums, and regulatory complaint proceedings to simultaneously secure civil judgments, defeat whistleblower protection claims, and discredit misconduct reports to government authorities, then no whistleblower can safely invoke any protective mechanism without facing retaliation through the very documents federal law protects as confidential. The question is not merely whether Masimo retaliated against Petitioner, but whether federal

whistleblower protections retain any practical force when employers can weaponize illegally obtained federal documents across all forums where whistleblowers seek redress.

### c) The Whistleblower Retaliation Issue Proves SEC Rule 21F-17(a) Violation – UNRESOLVED

The California Court of Appeal did not address on the merits whether Masimo's BOC claim violated *SEC Rule 21F-17(a)* by seeking to enforce confidentiality provisions to prevent Petitioner from reporting insurance and securities fraud.

The evidence of violation is explicit and central to proving retaliatory intent. Masimo's BOC claim alleged that Petitioner and his counsel threatened to use confidential information to accuse Masimo of "insurance fraud"—which is mail fraud actionable under *SOX*. In its Prayer for Relief, Masimo sought a permanent injunction enjoining Petitioner from **"using Masimo's Confidential Information for any reason other than presenting a defense"** in the criminal case. This is a textbook violation of *SEC Rule 21F-17(a)*, which explicitly prohibits any person from taking action **"to impede an individual from communicating directly with the Commission staff about a possible securities law violation,"** including **"enforcing, or threatening to enforce, a confidentiality agreement... with respect to such communications."**

Masimo preemptively filed a civil lawsuit specifically to obtain an injunction enforcing confidentiality provisions to prevent disclosure of mail fraud—fraud Petitioner contends was inextricably linked to securities fraud violations discovered on October 29, 2021 during the course of the criminal case. By seeking judicial enforcement of confidentiality provisions to suppress fraud reporting, Masimo engaged in precisely the conduct *SEC Rule 21F-17(a)* prohibits. The strategic dismissal of the BOC claim on July 5, 2023—immediately after securing judgment through illegal PDA evidence on June 15, 2023—further proves its purpose was not to remedy any actual contract breach but to silence *SOX*-protected whistleblowing. **The BOC claim served dual retaliatory purposes:** feigning standing to pursue assigned claims and threatening to enforce confidentiality to prevent fraud reporting to regulatory authorities.

The three unresolved issues are not tangential matters that happen to overlap with the federal *SOX* appeals. **They are part of the factual and legal determinations that will establish whether:** (1) the state lawsuit filed against Petitioner was an adverse action—specifically, whether Masimo filed a sham lawsuit without legal standing, maintained solely through a BOC claim that itself violated *SEC Rule 21F-17(a)* by seeking to enforce confidentiality provisions against *SOX*-protected fraud reporting; (2) Petitioner's former employer engaged in a multi-forum retaliation campaign—specifically, whether Masimo systematically deployed illegally obtained, federally protected documents across all protective and investigative forums to obtain a judgment against Petitioner, defeat his protective claims by prejudicing investigators and the judiciary in federal whistleblower proceedings, and discredit his misconduct reports to government authorities; and (3) the employer acted with retaliatory intent—specifically, whether Masimo's BOC claim seeking an injunction to enforce confidentiality about mail fraud, which became actionable on November 30, 2021 with the dismissal of the criminal case against Petitioner with prejudice, constituted a violation of *SEC Rule 21F-17(a)* designed to silence

whistleblowing. Resolution and further clarity of these issues will directly prove or disprove the essential elements of Petitioner's *SOX* retaliation claims now on appeal before this Court.

## III.   FORTHCOMING MOTION TO SET ASIDE VOID JUDGMENT

Because the California Court of Appeal declined to resolve these three issues on the merits, after discussing with counsel in the state court proceeding, Petitioner intends to file a motion under *California Code of Civil Procedure § 473(d)* to set aside the void judgment. The Court of Appeal's remittitur is expected to issue approximately 61 days after the October 3, 2025 decision—in early to mid-December 2025. Petitioner intends to file the *§ 473(d)* motion within 60 days of the remittitur's issuance, approximately mid-February 2026.

The *§ 473(d)* motion will seek relief on three grounds: (1) void judgment due to lack of standing, (2) due process violations through sanctions for refusing to produce federally protected documents in violation of *18 U.S.C. § 3153(c)* and the *Federal Privacy Act (5 U.S.C. § 552a(i))*, and (3) extrinsic fraud through whistleblower retaliation. This motion will provide the opportunity for merits resolution of three issues that directly establish the elements of *SOX* retaliation in the appeals now pending before this Court.

## IV.   CONTINUED STAY WARRANTED

The same considerations that warranted this Court's January 10, 2025 stay order remain fully applicable. The California Court of Appeal's decision did not resolve whether: (1) Masimo lacked standing to file the lawsuit against Petitioner; (2) Masimo unlawfully obtained Petitioner's federally protected Pretrial Diversion Agreement and systematically deployed it across multiple forums to obtain a judgment, defeat Petitioner's protective claims, and discredit his misconduct reports; or (3) Masimo's BOC claim violated *SEC Rule 21F-17(a)* by seeking to enforce confidentiality provisions to prevent *SOX*-protected fraud reporting. These are not peripheral matters—they are the factual predicates necessary to establish unlawful retaliation under *SOX* in the appeals now before this Court.

If this Court proceeds before the *§ 473(d)* motion is resolved, there is substantial risk of inconsistent determinations. For example, this Court might determine whether the lawsuit constituted an adverse action while the state court simultaneously determines whether Masimo had standing to file that lawsuit against Petitioner, or this Court might evaluate retaliatory intent while the state court determines whether the BOC claim violated *SEC Rule 21F-17(a)*. A state court finding that Masimo lacked standing would conclusively establish that the lawsuit was a retaliatory sham. A state court finding that the PDA was illegally obtained and used would conclusively establish retaliatory misconduct across multiple forums. A state court finding that the BOC claim violated *SEC Rule 21F-17(a)* would conclusively establish retaliatory intent.

Allowing the state court to resolve these foundational issues through the *§ 473(d)* motion serves judicial economy and maximizes the utility of both proceedings. If the state court determines that Masimo lacked standing, that finding would be dispositive of whether the lawsuit constituted a legitimate adverse employment action or a retaliatory sham—eliminating the need for this Court to make de novo factual findings on standing. If the state court determines that the

Pretrial Diversion Agreement was unlawfully obtained in violation of *18 U.S.C. § 3153(c)* and the *Privacy Act coded at 5 U.S.C. § 552a(i)*, that finding would establish that the sanctions, summary adjudication, and judgment were procured through federal law violations—directly proving retaliatory misconduct and potentially rendering the ALJ's and ARB's reliance on that same document legally erroneous. If the state court determines that the BOC claim violated *SEC Rule 21F-17(a)*, that finding would conclusively establish retaliatory intent as a matter of federal whistleblower law. Each of these state court determinations would either streamline the issues before this Court or potentially resolve substantial aspects of the federal appeals entirely. Conversely, if this Court proceeds now and makes findings on these issues while the *§ 473(d)* motion is pending, and the state court subsequently makes contrary findings, both courts will have expended substantial resources reaching potentially inconsistent conclusions on the same factual and legal predicates. Principles of comity and judicial efficiency strongly favor allowing the state court the first opportunity to determine whether its own judgment was procured through lack of standing, federal law violations, and whistleblower retaliation, before this Court addresses how those determinations affect the *SOX* claims on appeal.

Given current federal government operational constraints, including the furlough of DOL personnel, no party would be prejudiced by maintaining the stay pending resolution of the *§ 473(d)* motion. When this Court originally granted the stay on January 10, 2025, the Department of Labor stated it **"would not be prejudiced and does not oppose this requested stay."** The circumstances supporting that position remain unchanged, and the brief additional time required for the *§ 473(d)* motion—expected to be filed in mid-February 2026 or sooner and resolved within several months thereafter—creates no new prejudice. Meanwhile, Petitioner faces substantial prejudice if forced to litigate the federal appeals before the foundational factual questions are resolved in state court.

## V.    CONCLUSION

The three pivotal issues that justified this Court's stay order remain unresolved on the merits and directly establish essential elements of *SOX* retaliation in the appeals now before this Court. For these reasons, Petitioner respectfully requests that this Court continue the stay of these consolidated appeals (*Case Nos. 24-5793* and *24-5794*) pending full resolution of the *California Code of Civil Procedure § 473(d)* motion to be filed in the underlying state court proceeding styled as *Masimo Corp. v. Bauche*, No. 30-2019-01081908-CU-FR-CJC (Super. Ct. Orange Cnty. July 31, 2023), including any appeals. Should the Court grant this request, Petitioner will continue to file status reports every ninety (90) days as previously ordered. Petitioner will promptly file an updated status report once the *§ 473(d)* motion has been filed and will notify this Court immediately upon final resolution of the state court proceedings.

Respectfully Submitted,


By:  *John Bauché*

JOHN BAUCHE

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 3, 2025, "**PETITIONER'S STATUS REPORT**" was served by electronic filing on the following:

DEPARTMENT OF LABOR

Jennifer Stocker (stocker.jennifer.l@dol.gov)

Fair Labor Standards Division
Office of the Solicitor
United State Department of Labor
200 Constitution Avenue NW, Room N-2716
Washington, DC 20210

By: *John Bauché*
JOHN BAUCHE